UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

KARLENE KIDD SMITH and other similarly
situated,

JURY TRIAL DEMANDED

     Plaintiff,

v.

LENNAR CORPORATION,

     Defendant.

_____/

## <u>NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that, pursuant to sections 1331 and 1441 of Title 28 of the United States Code, Defendant LENNAR CORPORATION ("Lennar" or "Defendant"), hereby removes the above-captioned action filed by Plaintiff KARLENE KIDD SMITH ("Kidd" or "Plaintiff") to the United States District Court for the Southern District of Florida. Removal is proper because, as set forth herein, this Court has subject matter jurisdiction over the claims at issue in the action and the procedural requirements for removal have been satisfied.

**I. Removal is Timely.**

1. On February 10, 2025, Plaintiff filed a complaint (the "Complaint" or "Compl.") in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, entitled *Karlene Kidd Smith v. Lennar Corporation*, bearing Case No. 2025-002236-CA-01 (the "State Court Action").

2. On February 12, 2025, Plaintiff purported to have effectuated service of process by delivering a copy of the Summons and Complaint via Defendant's registered agent.

154001.00030/153457732v.1

3.     This Notice of Removal is timely because it is being filed within 30 days of service of the Summons and Complaint on Defendant.

## II.  Nature of the Action.

4.     This is an action asserting one cause of action under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

5.     Specifically, Plaintiff alleges Defendant failed to pay the proper overtime rate for hours worked in excess of forty hours per week. (Compl. ¶¶ 13-15).

## III. The Court Has Jurisdiction Over the Action.

6.     This action is a civil dispute in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and is one which may be removed to this Court by Lennar pursuant to the provisions of 28 U.S.C. § 1441.

7.     Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." A case is deemed to arise under "the law that creates the cause of action." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983) (quoting *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)); *Provident Life & Accident Ins. Co. v. Waller*, 906 F.2d 985, 988 (4th Cir.); *West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188, 192 (2d Cir.); *White v. Matthews*, 420 F. Supp. 882, 887 (D. S.D. 1976). In other words, a claim gives rise to federal jurisdiction if it is "founded directly upon federal law." *Robinson v. Wichita Falls & North Texas Community Action Corp.*, 507 F.2d 245, 249 (5th Cir. 1975).

8.     Here, Plaintiff's Complaint gives rise to federal jurisdiction through allegations that Lennar violated the FLSA. Therefore, removal is appropriate given that Plaintiff's claim arises under the laws of the United States. *See* 28 U.S.C. § 1331. It is undisputed that Plaintiff's claim is based on federal law and this Court should accept jurisdiction over the case.

154001.00030/153457732v.1

**IV. All Other Procedural Requirements Have Been Met.**

9. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 1441(a), 84(c)(1).

10. A true and correct copy of the State Court Complaint is attached hereto as **Exhibit A**.

11. A true and correct copy of the Circuit Court's online docket in the State Court Action is attached hereto as **Exhibit B**.

12. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders served on or received by Defendant in the State Court Action must be attached to the Notice of Removal. True and correct copies of all substantive documents listed in that docket, in the same sequence as they appear on that docket (excluding payment receipts, electronic confirmations, etc.) are attached hereto collectively as **Composite Exhibit C**.

13. In compliance with 28 U.S.C. § 1446(d), a copy of the Notice of Filing of Notice of Removal to the United States District Court for the Southern District of Florida that will be filed with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida is attached hereto as **Exhibit D**.

14. Pursuant to 28 U.S.C. § 1441(a) and Local Rule 3.1, venue properly rests in the Miami Division of the United States District Court for the Southern District of Florida, as this action is being removed from the Ciruict Court where it was originally filed in Miami-Dade County, Florida.

15. In the event that Plaintiff seeks to remand this case or the Court considers remand *sua sponte*, Defendant respectfully requests the opportunity to submit each additional argument or evidence in support of removal as may be necessary.

## V. Non-Waiver of Defenses.

16.     Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defenses or affirmative matters, including, without limitation, a motion to compel alternative dispute resolution, a motion to dismiss this action, and a motion to stay this action.

WHEREFORE, Defendant respectfully removes this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to this Court.

Dated: <u>March 13, 2025</u>

Respectfully submitted,

**BLANK ROME LLP**

<u>/s/Michael R. Esposito</u>
Michael R. Esposito
Florida Bar No. 37457
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Telephone: 813.255.2324
Facsimile: 813.433.5352
E-Service: BRFLeservice@BlankRome.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I, Michael R. Esposito, Esq., hereby certify that on March 13, 2025, I electronically filed the foregoing Notice of Removal with the Court via the ECF System and is available for viewing and downloading from the ECF system, and a true and correct copy was served to all counsel of record registered with the ECF system.

<u>/s/Michael R. Esposito</u>
Michael R. Esposito
Florida Bar No. 37457

154001.00030/153457732v.1