# Exhibit "A"

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT,  IN AND FOR
DADE COUNTY, FLORIDA

**CASE NO.**_____

KARLENE KIDD SMITH
 and other similarly situated

       Plaintiff(s),

v.

LENNAR CORPORATION
      Defendant(s).

_____/

## COMPLAINT

Plaintiff KARLENE KIDD SMITH, and others similarly situated, by and through the undersigned counsel, hereby sues Defendant, LENNAR CORPORATION, and ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff and others similarly situated for damages exceeding $50,000, excluding attorneys' fees or costs for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over the Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant is a Foreign Limited Liability Company, with one of its locations in Miami Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant is a foreign limited liability company with one of its locations in Dade County, Florida, where Plaintiff worked for Defendant and was and is engaged in interstate commerce at all times material hereto.

6. Venue is proper in Dade County because all of the actions that form the basis of this Complaint occurred within the county.

7. Declaratory, injunctive, legal, and equitable relief sought pursuant to the laws set forth above, together with attorneys' fees, costs, and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff and other similarly situated accounts payable employees worked for Defendant as a non-exempt accounts payable employee from 2008 through June 11, 2024.

10. Plaintiff worked approximately 60 hours a week without overtime compensation.

11. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Defendants would employ Plaintiff and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

12. Throughout Plaintiff's employment, Plaintiff worked more than forty (40) hours per week in a given workweek.

13. Plaintiff was not paid at the proper overtime rate for hours worked more than forty (40) per week, as proscribed by the laws of the United States and the State of Florida based on

Defendant paying Plaintiff piece rate or commission without changing the hourly rate or overtime rate of pay.

14. At all times material hereto, Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

15. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States.

## COUNT I
### *Wage & Hour Federal Statutory Violation*

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

17. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

18. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

19. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

20. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

21. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

22. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

23. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

24. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g.*, *Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit*

*Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each week, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues triable as of right by jury.

Date: February 7, 2025                    Respectfully submitted,

/s/ Jason S. Remer
**Jason S. Remer, Esq.**
Florida Bar No.: 165580
jremer@rgph.law
**REMER, GEORGES-PIERRE &
HOOGERWOERD PLLC**
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134
Telephone: (305) 416-5000
Facsimile: (305) 416-5005