# Composite Exhibit "C"

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Karlene Kidd Smith</u>
Plaintiff

Case # _____
Judge  _____

vs.
<u>Lennar Corporation</u>
Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☒ $75,001 - $100,000
☐ over $100,000.00

**III.    TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
     ☐ Business governance
     ☐ Business torts
     ☐ Environmental/Toxic tort
     ☐ Third party indemnification
     ☐ Construction defect
     ☐ Mass tort
     ☐ Negligent security
     ☐ Nursing home negligence
     ☐ Premises liability—commercial
     ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
     ☐ Commercial foreclosure
     ☐ Homestead residential foreclosure
     ☐ Non-homestead residential foreclosure
     ☐ Other real property actions

☐ Professional malpractice
     ☐ Malpractice—business
     ☐ Malpractice—medical
     ☐ Malpractice—other professional
☒ Other
     ☐ Antitrust/Trade regulation
     ☐ Business transactions
     ☐ Constitutional challenge—statute or ordinance
     ☐ Constitutional challenge—proposed amendment
     ☐ Corporate trusts
     ☒ Discrimination—employment or other
     ☐ Insurance claims
     ☐ Intellectual property
     ☐ Libel/Slander
     ☐ Shareholder derivative action
     ☐ Securities litigation
     ☐ Trade secrets
     ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
      ☐ Residential Evictions
      ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jason S Remer           Fla. Bar # 165580
      Attorney or party              (Bar # if attorney)

Jason S Remer           02/10/2025
 (type or print name)           Date

- 3 -

Filing # 216418428 E-Filed 02/10/2025 01:20:08 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT,  IN AND FOR
DADE COUNTY, FLORIDA

**CASE NO.**_____

KARLENE KIDD SMITH
 and other similarly situated

      Plaintiff(s),

v.

LENNAR CORPORATION
      Defendant(s).

_____/

## COMPLAINT

Plaintiff KARLENE KIDD SMITH, and others similarly situated, by and through the undersigned counsel, hereby sues Defendant, LENNAR CORPORATION, and ("Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1.    This is an action by the Plaintiff and others similarly situated for damages exceeding $50,000, excluding attorneys' fees or costs for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2.    This Court has jurisdiction over the Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216.

3.    Plaintiff was at all times relevant to this action a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4.  Defendant is a Foreign Limited Liability Company, with one of its locations in Miami Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant is a foreign limited liability company with one of its locations in Dade County, Florida, where Plaintiff worked for Defendant and was and is engaged in interstate commerce at all times material hereto.

6. Venue is proper in Dade County because all of the actions that form the basis of this Complaint occurred within the county.

7. Declaratory, injunctive, legal, and equitable relief sought pursuant to the laws set forth above, together with attorneys' fees, costs, and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff and other similarly situated accounts payable employees worked for Defendant as a non-exempt accounts payable employee from 2008 through June 11, 2024.

10. Plaintiff worked approximately 60 hours a week without overtime compensation.

11. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Defendants would employ Plaintiff and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

12. Throughout Plaintiff's employment, Plaintiff worked more than forty (40) hours per week in a given workweek.

13. Plaintiff was not paid at the proper overtime rate for hours worked more than forty (40) per week, as proscribed by the laws of the United States and the State of Florida based on

Defendant paying Plaintiff piece rate or commission without changing the hourly rate or overtime rate of pay.

14. At all times material hereto, Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

15. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States.

## COUNT I
### *Wage & Hour Federal Statutory Violation*

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

17. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

18. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

19. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

20. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

21. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

22. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

23. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

24. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g.*, *Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit*

*Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each week, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues triable as of right by jury.

Date: February 7, 2025                    Respectfully submitted,

/s/ Jason S. Remer
**Jason S. Remer, Esq.**
Florida Bar No.: 165580
jremer@rgph.law
**REMER, GEORGES-PIERRE &
HOOGERWOERD PLLC**
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT,  IN AND FOR
DADE COUNTY, FLORIDA

**CASE NO.** 2025-002236-CA-01

KARLENE KIDD SMITH
 and other similarly situated

   Plaintiff(s),

v.

LENNAR CORPORATION
   Defendant(s).

_____/

**SUMMONS IN A CIVIL CASE**

**TO: LENNAR CORPORATION** through its Registered Agent:

Ct Corporation System
1200 South Pine Island Road
Plantation FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

      JASON S. REMER, ESQ.
      REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC.
      2745 PONCE DE LEON BLVD.
      CORAL GABLES, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK         DATE

_____
(BY) DEPUTY CLERK

Filing # 216483937 E-Filed 02/11/2025 09:46:48 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT,  IN AND FOR
DADE COUNTY, FLORIDA

**CASE NO.** 2025-002236-CA-01

KARLENE KIDD SMITH
 and other similarly situated

       Plaintiff(s),

v.

LENNAR CORPORATION
       Defendant(s).

_____/

### SUMMONS IN A CIVIL CASE

**TO: LENNAR CORPORATION** through its Registered Agent:

Ct Corporation System
1200 South Pine Island Road
Plantation FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                JASON S. REMER, ESQ.
                REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC.
                2745 PONCE DE LEON BLVD.
                CORAL GABLES, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

                    2/11/2025

_____
CLERK                         DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

KARLENE KIDD SMITH and other similarly situated,

CASE NO.: 2025-002236-ca-01

      Plaintiff,

v.

LENNAR CORPORATION,

      Defendant.

_____/

## NOTICE OF APPEARANCE AND
## DESIGNATION OF E-MAIL ADDRESSES FOR SERVICE

PLEASE TAKE NOTICE THAT Michael R. Esposito, Esq. of BLANK ROME LLP, 100 S. Ashley Drive, Suite 600, Tampa, Florida 33602, enters his appearance as counsel for Defendant, LENNAR CORPORATION ("Defendant"), in this cause. Michael R. Esposito, Esq. will be the current attorney of record in the instant action on behalf of the Defendant, and hereby request that all pleadings, notices and other papers which must be noticed to the Defendant, and any other parties in interest, whether sent by the Court or any other Party in the case, be sent to the undersigned effective immediately.

## NOTICE OF E-MAIL DESIGNATIONS

Undersigned counsel, pursuant to the Rule 2.516 of the Florida Rules of Judicial Administration, hereby designates the following e-mail addresses for receiving service:

Primary e-mail:      BRFLeservice@BlankRome.com

Secondary e-mail:      Michael.Esposito@BlankRome.com

(SIGNATURE OF COUNSEL ON FOLLOWING PAGE)

154001.00030/153331107v.1

Dated: March 3, 2025

Respectfully submitted,

**BLANK ROME LLP**
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Telephone: 813.255.2324
Facsimile: 813.433.5352
E-Service: BRFLeservice@BlankRome.com

*/s/Michael R. Esposito*
MICHAEL R. ESPOSITO
Florida Bar No. 37457

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on March 3, 2025, with the Clerk of the Circuit Court using the Florida Courts e-filing eportal and served by an automatic email generated by the Florida Courts e-filing portal and to: Jason S. Remer, Esq., Remer, Georges-Pierre & Hoogerwoerd, PLLC, 2745 Ponce de Leon Blvd., Coral Gables, Florida 33134 (jremer@rgph.law).

*/s/Michael R. Esposito*
MICHAEL R. ESPOSITO
Florida Bar No. 37457

154001.00030/153331107v.1

Filing # 217963565 E-Filed 03/03/2025 04:59:27 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

KARLENE KIDD SMITH and other similarly situated,

       Plaintiff,

v.

LENNAR CORPORATION,

       Defendant.

_____/

CASE NO.: 2025-002236-ca-01

## DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Defendant, LENNAR CORPORATION ("Defendant"), by and through undersigned counsel, hereby files this Motion for Extension of Time to Respond to Complaint and, in support thereof, states as follows:

1.      On February 10, 2025, Plaintiff, KARLENE KIDD SMITH ("Plaintiff"), commenced the above-styled action by filing her Complaint.

2.      Service of process was effectuated upon Defendant on February 12, 2025, thereby making the responsive deadline March 4, 2025.

3.      The undersigned was recently retained on behalf of Defendant to represent it in this action. Due to counsel's need to familiarize himself with the Complaint and to investigate the issues therein, Defendant requests an extension of time to prepare an appropriate response.

4.      This request is made in good faith and not to delay progress of this matter.

5.      Further, this request is being made subject to and without waiving Defendant's right to enforce the ADR Agreement entered into between the parties.

WHEREFORE, Defendant, LENNAR CORPORATION, respectfully requests that this Honorable Court grant its Motion for Extension of Time to Respond to Complaint.

154001.00030/153350995v.1

## CERTIFICATE OF CONFERRAL

I certify that prior to filing this Motion, I attempted to discuss the relief requested in this Motion by both email on February 27 and February 28, 2025, and telephone on March 3, 2025, with counsel for Plaintiff and counsel for Plaintiff did not respond to the emails or telephone call.

Dated: <u>March 3, 2025</u>

Respectfully submitted,

**BLANK ROME LLP**
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Telephone: 813.255.2324
Facsimile: 813.433.5352
E-Service: BRFLeservice@BlankRome.com

*/s/Michael R. Esposito*
MICHAEL R. ESPOSITO
Florida Bar No. 37457

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on March 3, 2025, with the Clerk of the Circuit Court using the Florida Courts e-filing eportal and served by an automatic email generated by the Florida Courts e-filing portal and to: Jason S. Remer, Esq., Remer, Georges-Pierre & Hoogerwoerd, PLLC, 2745 Ponce de Leon Blvd., Coral Gables, Florida 33134 (jremer@rgph.law).

*/s/Michael R. Esposito*
MICHAEL R. ESPOSITO
Florida Bar No. 37457

154001.00030/153350995v.1